ABC INTERNATIONAL TRADERS, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 94–04–00242

(Dated May 23, 1995)

*Baker & McKenzie (Kevin M. O'Brien* and *Teresa A. Gleason)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Nuriye C. Uygur), David Ross,* Attorney Advisor, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

OPINION

RESTANI, *Judge:* This action is before the court on cross-motions for summary judgment made pursuant to USCIT Rule 56 by defendant United States and plaintiff ABC International Traders, Inc. ("ABC"). ABC, an importer of Japanese televisions, contests the United States Customs Service's ("Customs") assessment of antidumping duties upon ABC's merchandise at manufacturer rates, rather than at the estimated

deposit rates assessed at the time of entry of the merchandise. For the reasons that follow, ABC's motion for summary judgment is denied and defendant's is granted.

## FACTS

The merchandise at issue, Japanese televisions, are subject to the antidumping duty order in *Television Receiving Sets, Monochrome and Color, from Japan,* 36 Fed. Reg. 4597 (Dep't Treas. 1971) (antidumping duty order). Pursuant to requests by interested parties, the International Trade Administration of the United States Department of Commerce ("Commerce") conducted administrative reviews of Japanese manufacturers Sharp, Toshiba and JVC (Victor). The merchandise was sold by these manufacturers to unrelated resellers. The resellers then sold the merchandise to ABC, which entered the merchandise into the United States between August 1983 and August 1988. Upon entry, Customs suspended liquidation and required a deposit of estimated antidumping duties applicable to the Japanese manufacturers of the merchandise. At the time, the estimated deposit rate applied to ABC's entries was zero percent.

Following subsequent administrative reviews of the antidumping duty order, Commerce determined the dumping margins applicable to the Japanese manufacturers whose products were imported by ABC. *See, e.g., Television Receivers, Monochrome and Color, from Japan,* 55 Fed. Reg. 35,916, 35,921 (Dep't Comm. 1990) (final admin. results for Sharp). In accordance with these final determinations by Commerce, on May 1, 1992, and January 22 and 29, 1993, Customs liquidated ABC's fifty entries at the applicable manufacturer rates. Although ABC has filed protests regarding these entries, to date, Customs has not ruled on the matter. ABC instituted this action on April 29, 1994.

## STANDARD OF REVIEW

Summary judgment is appropriately granted where the pleadings and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. USCIT Rule 56(d).

## DISCUSSION

ABC contests Customs' liquidation of the subject entries at manufacturer rates as contrary to law. ABC asserts that because no administrative review was requested[1] for the resellers of the subject merchandise, liquidation rates should have been the deposit of estimated antidumping duties required at the time of entry pursuant to 19 C.F.R.

---

[1] Title 19 C.F.R. § 353.22(a) (1992), *inter alia,* provides for requests for administrative reviews:

(1) Each year during the anniversary month of the publication of an order * * *, an interested party * * * may request in writing that [Commerce] conduct an administrative review of specified individual producers or resellers covered by an order, if the requesting person states why the person desires [Commerce] to review those particular producers or resellers.

(2) During the same month, a producer or reseller covered by an order may request in writing that [Commerce] conduct an administrative review of only that person.

(3) During the same month, an importer of the merchandise may request in writing that [Commerce] conduct an administrative review of only a producer or reseller of the merchandise imported by that importer.

*Id.;* 19 C.F.R. § 353.22(a) (1993).

§ 353.22(e)(1) (1992)[2] ("automatic assessment regulation"). As a threshold matter, defendant contends that ABC may not invoke the court's residual jurisdiction under 28 U.S.C. § 1581(i) (1988 & Supp. V 1993).[3] Defendant asserts that the appropriate jurisdictional provision is 28 U.S.C. § 1581(c) (1988),[4] whereby ABC could have challenged the final results of the various administrative reviews affecting ABC's entries. ABC responds that jurisdiction is appropriate under 28 U.S.C. § 1581(i) because ABC is challenging Commerce's failure to apply the automatic assessment regulation under 19 C.F.R. § 353.22(e)(1), which applies only when no review is requested.

The merits of this action and the resolution of the jurisdictional issue are not entirely separable. For the most part, resolving the jurisdictional question resolves the merits as well. Pursuant to 28 U.S.C. § 1581(i), the court possesses jurisdiction to decide issues relating to the antidumping duty law, if review is not specifically provided for by other subparagraphs of § 1581. *Industria de Fundicao Tupy v. Brown,* 866 F. Supp. 565, 571 (Ct. Int'l Trade 1994). It is well-settled that "[s]ection 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *See, e.g., Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied,* 484 U.S. 1041 (1988). ABC asserts that jurisdiction pursuant to 28 U.S.C. § 1581(i) is appropriate because the automatic assessment regulation, on its face, applies when no review of the resellers has been requested. The court disagrees with ABC's reading of the statutes and regulations, and their application to the facts.

ABC relies on *Mitsubishi Elecs. Am., Inc. v. United States,* 44 F.3d 973 (Fed. Cir. 1994), and *Krupp Stahl A.G. v. United States,* 15 CIT 169 (1991), in support of its claim that § 1581(i) jurisdiction exists. Both decisions, however, are distinguishable from the present case. In *Mitsubishi,* the court noted that the trial court possessed jurisdiction under

---

[2] Under 19 C.F.R. § 353.22(e)(1),

> if [Commerce] does not receive a timely request [for an administrative review], [Commerce] will instruct the Customs Service to assess antidumping duties on the merchandise * * * at rates equal to the cash deposit of, or bond for, estimated antidumping duties required on that merchandise at the time of entry, or withdrawal from warehouse, for consumption.

*Id.;* 19 C.F.R. § 353.22(e)(1)(1993).

[3] Section 1581(i) provides, in pertinent part, as follows:

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States * * * that arises out of any law of the United States providing for—
>
> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

28 U.S.C. § 1581(i).

[4] Section 1581(c) provides that the court "shall have exclusive jurisdiction of any civil action commenced under [19 U.S.C. § 1516a]." 28 U.S.C. § 1581(c). Sections 1516a(a)(2)(A) & (B)(iii) provide that an interested party may contest the final determination resulting from an administrative review under 19 U.S.C. § 1675 (1988) (current version at 19 U.S.C.A. § 1675 (West Supp. 1995)). 19 U.S.C. § 1516a(a)(2)(A), (B)(iii) (1988).

28 U.S.C. § 1581(i)(2) & (4) because there the automatic assessment regulation pertained to the administration and enforcement of laws providing for duties. 44 F.3d at 977; *see* 28 U.S.C. § 1581(i)(2), (4). Similarly, the court in *Krupp Stahl,* agreeing with the court in *Interredec, Inc. v. United States,* 11 CIT 45, 46 n.1, 652 F. Supp. 1550, 1552 n.1 (1987), found that a challenge to an assessment at the estimated rate and the validity of the automatic assessment regulation invoked jurisdiction under 28 U.S.C. § 1581(i). *Krupp Stahl,* 15 CIT at 171.

In both cases, the party asserting § 1581(i) jurisdiction challenged Commerce's application of the automatic assessment regulation where no administrative review was requested or conducted. *See Mitsubishi,* 44 F.3d at 975; *Krupp Stahl,* 15 CIT at 170. Here, administrative reviews of the Japanese manufacturers of the merchandise imported by ABC were conducted. Further, no reseller or "all other" rate that might have been applicable to ABC's entries of the merchandise existed, for which review might have been sought, or which could have been the basis for application of the automatic assessment regulation.[5] Thus, unlike in *Mitsubishi* and *Krupp Stahl,* a final administrative determination existed from which ABC could have appealed under 28 U.S.C. § 1581(c), if it had participated in the applicable reviews. *See* 28 U.S.C. § 2631(c) (1988) (providing that only parties to administrative proceedings at issue have standing).

The court disagrees with ABC's contention that ABC was not required to participate in the administrative reviews of the Japanese manufacturers, or to request a review of the resellers, in order to seek application of the automatic assessment regulation now. ABC misinterprets the statutory scheme. Ordinarily, a final determination as to a manufacturer's dumping margin for particular merchandise applies to anyone who imports such merchandise. *See* 19 U.S.C. § 1675(a)(2) ("[Commerce's antidumping duty] determination shall be the basis for the assessment of antidumping duties on entries of the merchandise included within the determination and for deposits of estimated duties.") (current version at 19 U.S.C.A. § 1675(a)(2)(C) (West Supp. 1995)). Absent an applicable reseller, or even an "all other" rate, ABC should have known that it would have been assigned the only existing rates, that is, the manufacturers' duty rates determined in the final results of the various administrative reviews. The fact that no review was requested to establish rates for the resellers at issue, or for ABC individually, does not compel Commerce to apply the automatic assessment regulation in this case. In fact, Commerce is compelled to apply the manufacturers' rates as determined on review, because no reseller rates exist.

If ABC was dissatisfied with the rate to be applied to its entries, it could have challenged the manufacturers' dumping margin calculations

---

[5] At oral argument, Commerce indicated that varying new shipper rates were determined for several periods of review. ABC has not alleged, however, that these rates were applicable to its entries. ABC does not appear to have purchased its merchandise from shippers that first entered the market during the review periods.

or requested that Commerce calculate ABC's dumping margins at the reseller price level,[6] rather than on the basis of manufacturer price data. Thus, ABC cannot establish that jurisdiction under 28 U.S.C. § 1581(c) was "manifestly inadequate."

For the very reasons that compel the court to conclude that ABC had an adequate remedy under 28 U.S.C. § 1581(c), if this matter is viewed simply as a 28 U.S.C. § 1581(i) challenge to application of the automatic assessment regulation, ABC would not succeed. ABC received the new rate applicable to the reviewed manufacturers. It did not challenge the application of that rate to its entries. No separate reseller rate existed that might apply to ABC under the automatic assessment regulation.

ABC further asserts that Customs erroneously liquidated certain entries and failed to follow Commerce's liquidation instructions. These claims, however, may be brought before the court under 28 U.S.C. § 1581(a) (1988), after denial of protests by Customs. Assuming, *arguendo*, that the complaint covers these issues, as Customs has not concluded its review of ABC's protests, discussion of these claims now is premature and will not be addressed by the court.

## CONCLUSION

ABC misinterprets the statutory scheme, the automatic assessment regulation and their application to the facts of this case. Its remedies lay in a request for establishment of a reseller's rate in the applicable administrative review and, if dissatisfied with the results, in a 28 U.S.C. § 1581(c) challenge in this court. The court grants defendant's motion for summary judgment, and this action is dismissed for lack of jurisdiction and/or failure to state a claim for relief.

---

[6] In that instance, according to Commerce's practice, it must be established that the manufacturer had no knowledge that its sales to the reseller were ultimately destined for the United States. *See, e.g., Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof from Japan,* 56 Fed. Reg. 31,754, 31,756 (Dep't Comm. 1991) (final results). The court rejects ABC's attempts here to establish that the Japanese manufacturers at issue had no knowledge of the ultimate destination of their merchandise. As indicated, such arguments may not be made before this court, in the first instance.